HARDY, Judge.
This is an action for mandamus. Plaintiffs, former employees of the Minden Police Force, prayed for judgment against the five defendants as members of the Minden Fire & Police Civil Service Board, ordering the holding of a hearing to determine the reasonableness of the alleged discharge or termination of employment of plaintiffs.
Judgment was rendered in favor of plaintiffs granting the relief prayed, from which judgment the defendants prosecute this appeal.
Defendants-appellants complain of errors (1) on the ground that plaintiffs’ action was brought under LSA-R.S. 33:2471 et seq., which statutory provisions are not applicable to the municipality of Minden; and (2) that plaintiffs are resigned employees who are not entitled to a hearing with respect to the circumstances surrounding their resignation.
*184 It is true that plaintiffs’ petition erroneously alleged the creation and existence of the Minden Municipal Fire & Police Civil Service Board under the provisions of LSA-R.S. 33:2471 et seq. The statutory provisions embodied in R.S. 33 ¡2471-33:2508 relate to civil service boards in municipalities having a population of more than 13,000 and less than 250,000. It is established that the population of Minden as reflected by the decennial census of 1960 was less than 13,000. The statutes establishing civil service regulations in municipalities having a population of not less than 7,500 and not more than 13,000 according to the last decennial census of the United States are set forth in LSA-R.S. 33:2531 et seq.
The judgment appealed from orders defendants to hold a hearing pursuant to the provisions of LSA-R.S. 33:2501 et seq., as amended by LSA-R.S. 33 :2531 et seq.
Defendants complaint with respect to the error of pleading is highly technical. The provisions of LRS. 33:2561 governing appeals by employees to the Boards established in municipalities of less 'than 13,000 population is almost a verbatim reiteration of the comparable provisions set forth in LRS. 33:2501 governing appeals by employees to the Boards established in municipalities having a population in excess of 13,000. It is, therefore, obvious that defendants could suffer no possible prejudice as the result of the technical error in pleading.
The contention of error on the ground that plaintiffs had resigned their employment as members of the Minden Police Force involves a disputed question of fact, in view of the testimony by plaintiffs that their resignations were not voluntary. This factual question involves the necessity for a determination by the Board as to the reasonableness of the action by which plaintiffs’ employment was terminated, an issue which the statute requires to be considered by the Board at a hearing and investigation upon demand by the employee. This is the exact nature of relief which was sought by the plaintiffs and which was granted in the judgment appealed from.
For the reasons assigned the judgment appealed from is affirmed.