CHASEZ, Judge.
This is an appeal from a decision of the Civil Service Commission of the City of New Orleans which denies plaintiff Sanford Krasnoff’s application for a hearing before that agency. The plaintiff seeks a reversal of this decision which states he lacks standing before the Civil Service Commission. The commission reasoned that because his voluntary resignation from the New Orleans Police Department was accepted and approved before his application to the commission was ever received that he had no standing to voice an appeal. Plaintiff now avers in his argument before this court that his resignation was simply a subterfuge which was intended to force his employer, the New Orleans Police Department, to act on a prior ap *150 plication for a leave of absence. Although the resignation was submitted as authentic in every respect to his employer, he referred to it as a “phony resignation” in his application to the Civil Service Commission.
The question which is posed for our determination involves the validity of the alleged “phony resignation” and its effect on his standing to appear before that agency. The controversy may be reduced to two questions of law. Was the resignation valid? If so, does an employee who has voluntarily resigned have standing to air his complaints before the Civil Service Commission ?
The facts from which this controversy has arisen constitute one of the more unusual series of events we have ever encountered in an appeal of this sort. Briefly the plaintiff’s case developed as follows: The plaintiff was employed as a Field Sergeant with the Police Department assigned to the First District Police Station. On the night of March 10, 1967 Sergeant Krasnoff was injured while investigating an accident which he had observed on his way home from his normal duty shift at the First District Station. The accident involved two automobiles on Interstate 10 Expressway under foggy weather conditions which had limited visibility to approximately 150 feet. Noting these dangerous conditions and the fact that the driver of one of the automobiles was bleeding severely, Sergeant Krasnoff, who was still in his uniform, stopped to render assistance. During the course of this investigation, the plaintiff was injured when the driver of a third automobile collided with the plaintiff’s automobile. Although the emergency lights of the plaintiff’s vehicle were blinking as a warning to approaching vehicles, the driver of the third automobile apparently did not see them in time to stop.
The injuries Sergeant Krasnoff received kept him from returning to his normal duties with the Police Department for a period of approximately two months. During this period the Police Department carried the plaintiff on their records as on sick leave which was exhausted in fifteen days. They then placed him on furlough which exhausted his accumulated vacation time and finally carried him as sick without pay until the time he resigned his employment. Sergeant Krasnoff contends both in his appeal to the Civil Service Commission and to this court that he should rightfully have been carried as “injured on duty” rather than under the other, less beneficial categories of absence. Krasnoff based his complaint to the Civil Service Commission on the fact that he was not listed as “injured on duty” when he was in fact acting as a policeman investigating an automobile collision while still in uniform even though he had terminated his official duties for the evening. While we think Sergeant Krasnoff’s activities are highly commendable, and furthermore we wish in no way to discourage off-duty policemen from accepting the responsibility that a dangerous accident situation demands, the legal question is concerned simply with the effect of his resignation on the appeal he filed with the Civil Service Commission. Therefore, while we are sympathetic to Sergeant Krasnoff’s cause as his complaint originally arose, we must confine ourselves to the legal problem as it is presented to us. See La.Const. of 1921, Art. 14, § 15(0) (1).
The first question we must face is whether his. resignation should be accepted as valid or is it a “phony resignation” as the plaintiff alleges in his appeal. As stated earlier plaintiff’s alleged “phony resignation” was only referred to as such in his correspondence with the Civil Service Commission. His employer, to whom the resignation was directed had no indication that the plaintiff’s intent to resign was anything other than bona fide. Indeed the letter of resignation dated May 9, 1967 was offered and approved by his employer before the Civil Service Commission received any notice that it was to be con *151 sidered as a “phony resignation”. The letter as submitted can be taken only as the true expression of the plaintiff’s intent. This letter as reproduced below can mean but one thing, and an oral withdrawal after the resignation was accepted cannot now revoke his intent to resign. The full text of the letter is as follows:
“Department of Police 2700 Tulane Avenue New Orleans, Louisiana
TO : Joseph I. Giarrusso Superintendent of Police
FROM : Sergeant Sanford Krasnoff Assigned First District
VIA : Major John J. Spann, Jr. Supervisor, Patrol Bureau
SUBJECT: ■ Resignation
“I would respectfully submit my resignation from the New Orleans Police Department, effective this date.
“However, this resignation is to be withdrawn if my request for Leave of Absence is granted.
“Said request for Leave of Absence was submitted on April 14, 1967, and as of this date, no answer to same has been received by myself.
(Stamped) APPROVED
/s/ Capt. A. Ragusa 5-9-67 Bureau Districts Date
(Notation written in longhand): Leave of absence not approved because of the shortage of personnel.
/s/ Sanford Krasnoff Sanford Krasnoff Sergeant, First District
(Stamped) APPROVED J. J, Spann, Jr._ Bureau Districts
(Stamped) APPROVED
,/s/ Jos. I. Giarrusso 5-9-67 Superintendent of Police”
Thus at the time the resignation was submitted to Superintendent Giarrusso, there was no written nor oral reservation of his intention to resign made either to the police department or the Civil Service Commission. The Superintendent saw fit to approve the resignation as submitted, and we find no reason to rule it invalid because the plaintiff now claims that he intended it to be phony. The written resignation speaks for itself, and the plaintiff should not be able to revoke its terms by his untimely denial that it was bona fide.
The second question posed for our consideration is whether one who has volun *152 tarily resigned his position in the classified service has a right to appeal his canse to the Civil Service Commission. The problem arises logically that if one has resigned his position and is not due immediate reinstatement, what relief is available through the course of a hearing? The Civil Service Law as originally formulated in the Louisiana Constitution and further defined by the statutes grants the right of appeal, the pertinent constitutional provisions being as follows:
“(O) (1) Appeals; jurisdiction; decision; judicial review. There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana [1] on any question of law if application to the Commission is made within thirty (30) days after the Commission’s decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals.
(2) Right of appeal. Subject to the rules governing the right of appeal, persons in the State or City Classified Service who allege that they have been deprived of their rights or discriminated against under the provisions of this Section, or persons who shall have applied for or shall have been examined for the Classified Service and shall not have established their status as permanent Classified employees and allege that they have been discriminated against in review of their applications, admission to the examination, the scoring of examinations, the establishment of eligible lists and certifications therefrom, shall be granted the right of appeal before the appropriate Commission. (Emphasis added)
La.Const. of 1921, art. 14, § 15(0) (1), (2).
The revised statutes further define these rights as follows:
“§ 2423. Corrective or disciplinary action for maintaining standards of service.
“When any employee in the classified service is unable or unwilling to perform the duties of his position in a satisfactory manner or has committed any act to the prejudice of the service, or has omitted to perform any act that it was his duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may extend to (1) removal from the service, (2) retirement under any provision of law applicable, (3) reduction in pay to the next lower rate in the scale for the class, (4) demotion to any position of a lower class that the employee is deemed by the appointing authority and the director to be competent to fill, (5) suspension without pay for a period not exceeding in the aggregate sixty days in any continuous period of twelve months, or (6) reprimand or other less drastic measure of discipline which the appointing authority considers proper.
“In every case of removal or reduction in pay of any employee in a competitive position in the classified service or of involuntary retirement or demotion of the employee, the appointing authority shall furnish the employee and the director a statement in writing of the reasons therefor. The director shall notify the employee in writing at his last known address that he has a right to make a reply in writing, shall receive and con *153 sider the reply, and may make an investigation of the facts. The director likewise may make investigation, of his own motion, of the case of any employee whose record of service seems to be unsatisfactory, or who is charged with the commission or omission of specific acts to the detriment of the service. He may make to the appointing authority a report and recommendations for action, on the basis of the facts ascertained. Where such action seems to be warranted by the facts, the director, in the case of any employee in the classified service removed or involuntarily retired or demoted by action of any appointing authority, may authorize the transfer of the employee concerned to a position of the class previously occupied by him under another appointing authority with the consent of the authority, or place his name on the reemployment list for the class for certification to other appointing authorities. Upon written request of an employee and with the approval of the director, the employee may be demoted, or be retired under any optional provision of law, without compliance with the requirements of this Section.”
“§ 2424. Appeals by employees to the commission.
“Any regular employee in the classified service, subject to the provisions of this Part, or the rules made pursuant thereto, who deems that he has been removed, dismissed, retired, reduced in pay, demoted, subjected to a second suspension of sixty days or less without pay, or subjected to any other disciplinary action set out in R.S. 33:2423, without just cause, may, within sixty days of the action demand a hearing to determine the reasonableness of the action, and the commission shall grant the employee a hearing within forty-five days after receipt of the request. In the event the hearing is not held within the forty-five day period the employee shall be forthwith reinstated in his position with full pay for lost time, but this shall not jeopardize the right of the commission to finally determine the matter at a later date. After hearing and considering the evidence for and against the disciplinary action, the commission shall approve or disapprove the action. In case of approval the disciplinary action shall be deemed final as ordered. In case of disapproval the commission shall reinstate the employee under the conditions which it deems proper, and may order full pay for lost time.
“If the commission finds that the disciplinary action was for religious or political reasons, then the employee shall forthwith be reinstated in his position and be reimbursed for any loss of pay occasioned by the disciplinary action.
“The foregoing provisions of this Section shall not apply to temporary appointments as defined in R.S. 33:2419, and employees during their working test period as provided for in R.S. 33:2417.”
LSA-R.S. 33:2423-33:2424.
Thus according to constitutional grant, an appeal may be filed for the review of removal or disciplinary cases under paragraph (O) (1), or where one alleges he has been either deprived of his rights or discriminated against, subject to the rules governing the right of appeal by the terms of paragraph (O) (2). Since Sergeant Krasnoff’s case is neither a removal nor disciplinary action, his appeal must fall under subsection (2). The specific right of appeal granted in this subsection is prefaced by the phrase “Subject to the rules governing the right of appeal,”. These rules governing the right of appeal are found both in the Revised Statutes and in the Rules of the Civil Service Commission.
We find that the petitioner has not shown that his case falls within any of the six listed categories in LSA-R.S. 33:2423 or religious or political causes prohibited by LSA-R.S. 33:2424, and there is no *154 error of law in the Civil Service Commission’s denial of his application for a hearing under those statutory provisions.
The rules of the Civil Service Commission allow appeals for the following reasons :
“4.1 Regular employees in the classified service shall have the right to appeal to the Commission from suspension, fine, dismissal, reduction in pay or demotion, to test the reasonableness of such action.
“Persons who shall have applied for or shall have been examined for the classified service and shall not have established their status as permanent classified employees and allege that they have been discriminated against in review of their applications, admission to the examination, the scoring of examinations, the establishment of eligible lists and certification, or regular employees in the classified service who shall have been suspended, fined, dismissed, or have suffered a reduction in pay or demotion shall have the right to appeal to the Commission, to test the reasonableness of such action.” Rule II, § 4.1 of the Civil Service Commission of the City of New Orleans.
We find that petitioner’s allegations fall beyond the- scope of these rules; also, whatever right of appeal he has must find its support in LSA-Const. Art. 14 § 15(0) (2) on the allegation that he has been deprived of his rights or has been discriminated against. We have examined his “Letter of Appeal” in an attempt to determine just what it is that he seeks by appeal, and can construe it as no more than an attempted appeal from the failure of the Police Department to act on his “request for leave of absence,” saying “as of yet I have failed to hear whether or not this leave was granted or refused. * * * Because of the above obvious reasons I am making this request for an appeal.” The alleged “obvious reasons” are his recitation of the facts relating to his injury and his grievance at not being carried as injured on duty.
The granting of a request for a leave of absence is rendered moot by his voluntary resignation from the service and the refusal of the Commission to hear this request on appeal was therefore proper.
We are aware of Pilcher v. Mourad, 187 So.2d 183 (La.App.2d Cir.1966). The instant case is distinguishable from Pilcher v. Mourad in which the court ordered the Civil Service Board to hear the appeal. From the scant facts there related it appears that the issue was one of fact whether or not the termination of plaintiff’s employment was by a voluntary or involuntary resignation. The appeal in this case only collaterally raises the issue of the voluntary character of plaintiff’s resignation. Since we have held that it was a clear and unequivocal act of resignation on its face there is no factual question to be determined by a hearing before the Commission. Whatever mental reservations or secret motives the plaintiff might have had in submitting his resignation does not render it less valid to the department to which it was addressed. Its acceptance which terminated plaintiff’s employment cannot be undone by some self-serving declaration made in his “Letter of Appeal” that it was a “phony” and should not be considered.
The Civil Service Commission has acted correctly in denying his application for a hearing . and its decision is hereby affirmed. All cost of appeal to be paid by appellant.
Affirmed.

. The appellate jurisdiction is now vested in the Courts of appeal, LSA-Oonst. Art. 7, § 10 and § 29 as amended.