SAMUEL, Judge.
This is an appeal from a ruling of the Civil Service Commission of the City of New Orleans refusing to reinstate Police Sergeant Hubert Badeaux to his former position on the police force, and for back pay from August 5, 1958.
In 1958 plaintiff, an eleven year member of the New Orleans Police Department, was assigned to an investigation of an alleged sex ring. On July 31,1958, the then Superintendent of Police (Provosty A. Dayries), the deputy chief, the deputy superintendent, an assistant city attorney, and plaintiff met in the superintendent’s office to discuss the investigation. The superintendent requested information from plaintiff which was within his knowledge in the scope of *1239 the investigation. Plaintiff refused to furnish the information claiming he could not reveal a confidential source. Plaintiff was again ordered to furnish the information and again refused. Plaintiff thereupon either tendered his oral resignation or in fact actually resigned.[1] He was then ordered to turn in his badge.
On August 5, 1958, plaintiff wrote to Superintendent Dayries requesting permission to recall his resignation and for restoration of duty. In connection with this request, the superintendent arranged an interview between plaintiff and the deputy superintendent to discuss the matter. Following that discussion, on August 14, 1958 plaintiff was advised by letter from the superintendent that his application for reinstatement was denied.
Almost nineteen years later, on April 28, 1977, plaintiff (through his attorney) wrote to the chairman of the Civil Service Commission claiming his oral resignation was involuntary and that he was illegally removed from the payroll. The attorney requested that the Commission itself hear the case, rather than appointing a hearing officer. Memoranda were attached to the letter and on July 14, 1977, at its regularly scheduled meeting, the Commission heard extensive arguments on plaintiff’s behalf.
On October 13, 1977, plaintiff was advised by letter the Commission was of the opinion he did not have the right of appeal in view of his resignation and, alternatively, if the resignation was “forced”, then Superintendent Dayries’ letter of August 14,1958 denying plaintiff’s request for reinstatement was an action within the provisions of Civil Service Rule II, Section 4.3, requiring that an appeal must be filed within 30 days of action or actions taken. On June 28, 1977, plaintiff filed this suit against the City for immediate reinstatement pursuant to R.S. 33:2424.
In this court plaintiff contends: (1) the Civil Service Commission erred in refusing to grant appellant a right of appeal and an evidentiary hearing; (2) the Civil Service Commission erred in finding appellant had voluntarily resigned from the police department; (3) appellant was not given written notice of reason for his removal from the department; and (4) appellant’s removal is void ab initio.
We do not agree with plaintiff’s contentions. At appellant’s request, the matter was heard before the entire Commission rather than a hearing examiner. Thus, he cannot now be heard to complain. Nor did the Commission err in finding appellant voluntarily resigned. This fact is clearly supported by the record, in particular the appellant’s own letter to the superintendent requesting permission to recall his “resignation”.
Relative to appellant’s third and fourth contentions, he claims his removal is void ab initio because there was no written notice and thus his appeal delays could not begin to run. He relies on the case of Young v. Charity Hospital of La. at New Orleans, 226 La. 708, 77 So.2d 13, wherein the plaintiff had been orally fired but received no written notice of her dismissal. In the instant case plaintiff resigned. Thus, the cases are not similar.
We find this case similar to Krasnoff v. City of New Orleans, La.App., 209 So.2d 149. In that case, plaintiff resigned in a fit of anger and shortly thereafter appealed to the Commission and later, this court. We held that a police officer who resigned from the department could not appeal the denial of his request for a leave of absence since he was no longer a member of the department.
In Krasnoff, at page 154, the court said:
“The granting of a request for a leave of absence is rendered moot by his voluntary resignation from the service and the refusal of the Commission to hear this request on appeal was therefore proper.

*1240 Whatever mental reservations or secret motives the plaintiff might have had in submitting his resignation does not render it less valid to the department to which it was addressed. Its acceptance which terminated plaintiff’s employment cannot be undone by some self-serving declaration made in his ‘Letter of Appeal’ that it was a ‘phony’ and should not be considered.” (Emphasis added).
Assuming, but not deciding, that appellant’s resignation had been involuntary, it was incumbent upon him to timely appeal.
Civil Service Rule II, Sec. 4.3 provides:
“Appeals to the Commission shall be filed within thirty (30) days of the action or actions taken against the employee by the appointing authority.”
Superintendent Dayries’ letter of August 14, 1958 to plaintiff was such an action. Plaintiff cannot exercise his right of appeal more than eighteen years after the expiration of the delay for appealing to the Commission.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Tender of resignation or actual resignation by plaintiff is a disputed fact. Plaintiff claims the former while the defense claims the latter.